Dunn v. Stokern.

I will so advise.

## THEOPHILUS DUNN

*v.*

## ADOLPHUS W. STOKERN et al.

A building contract provided for alterations, deviations or additions, and for the payment thereof. *Held,* that the holder of an order drawn by the builder on the owner for *extra* work, " and to charge the same to account of contract," was entitled to priority over another claimant who held a subsequent order drawn expressly for extra work; and that such priority was not abandoned by the holder of the first order afterward proceeding thereon by notice to the owner, under section 3 of the mechanics' lien law. *Rev. p. 668.*

*Mr. M. W. Niven,* for complainant.

*Mr. G. T. Parrott,* for defendant Day & Son.

*Mr. W. R. Parmly,* for defendant Gold's Heater Co.

BIRD, V. C.

In this case Day & Son claim under an order, which is dated March 2d, 1885, and was drawn, executed and delivered before any of the notices had been served under the third section of the mechanics lien law. *Rev. p. 668.* It directs Dunn, the owner, to pay to Day & Son $439.21, " and to charge the same to account of contract." It is claimed that, since there is not money enough to

pay Day & Son, and also Gold's Heater Co., and since that was work done, which is called extra work, which amounted to $223.32, the Gold's Heater Co. is entitled to the $223.32 on account of their bill, that having been assigned to them as for extra work, and consequently that it did not pass to Day & Son under the order which directed the money to be paid to be charged on account of the contract.

Upon looking into the contract itself, I am persuaded that the account for extra work is covered by the contract as well as any other money which became due thereunder from Dunn. The contract expressly provides for alterations, deviations or additions, and the payment for them. Therefore I might as well say that the order, in referring to the contract, did not refer to the contract price of $4,000, as to say that it did not refer to the price for extra work. I cannot but conclude that the order extended to both alike.

Something was said about the return of the order to Day & Son by Dunn, in connection with Day & Son giving notice to Dunn under the third section of the mechanics lien law, it being insisted that that was an abandonment of the order. I cannot see anything in that transaction which indicates any surrender of their rights under the order. They owned the order, and had a perfect right to hold it. They were, indeed, of all men, the proper persons to hold it.

But then comes the notice to the builder of the amount due, of the demand of payment of the contractor, and of his refusal to pay, and that the creditor would look to him for payment. Day & Son had, also, a perfect right to take this additional step. The statute provided the remedy, and the fact that they availed themselves of it did not, of itself, impair the other equitable security which they had by virtue of the order.

As the amount of the order is $439.21, and the whole balance in hand only $362.77, which includes the $223.32 extra work, it seems plain that, if I am right in the foregoing conclusions, I must advise a decree directing the complainant, or the clerk of the court, if the fund be in court, to pay all of the balance in hand to the defendants Day & Son, less his costs in this behalf to be taxed.